IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | No. 5:03-cr-00084-VAP |
| | ) | |
| vs. | ) | |
| | ) | |
| RODRICK CARDALE REED, | ) | |
| Defendant. | ) | |
| | ) | |

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO

18 U.S.C. § 3582(c)(1)(A) AND THE FIRST STEP ACT

COMES NOW Rodrick Cardale Reed, Defendant Pro se, respectfully moves this Honorable Court under the authority of the First Step Act of 2018 to consider defendant's Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) in conjunction with 18 U.S.S.C. § 3553(a) based upon the following:

I. BACKGROUND

On June 3, 2004, a federal grand jury returned a nine count indictment charging more than twenty defendants including Mr. Reed, with conspiracy and a multitude of drugs and firearms violations.

1.

Prior to trial the government filed a "notice of prior conviction" pursuant to 21 U.S.C. § 851, seeking to enhance defendant's statutory mandatory minimum sentence from 10-years to a statutory mandatory minimum of 20 years, relying upon one prior conviction for a "felony drug offense" with which to impose a sentence of life imprisonment if Mr. Reed were convicted at trial. Subsequently, the defendant proceeded to trial by jury and was convicted. At sentencing the court imposed a statutory enhanced sentence that resulted in life imprisonment.

Defendant's appeal was affirmed August 4, 2009 by the Ninth Circuit Court of Appeals. Post conviction relief was also subsequently denied.

On December 21, 2018, President Donald Trump signed into law the First Step Act of 2018. The First Step Act not only reduced mandatory minimum penalties, but also changed the condition under which they apply, particular to defendants like Mr. Reed, who had received statutory mandatory penalties for 851 enhancement.

After exhaustion of remedies, Mr. Reed now moves the court on his own motion for consideration for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in conjunction with 18 U.S.C. § 3553(a).

II. ISSUE

Whether Mr. Reed meets the criteria for Compassionate Release under the First Step Act of 2018.

## III. RULE OF LAW

"Increasing the use and the transparency of compassionate release" as previously illuminated; in late 2018, Congress pass the First Step Act, part of which transformed the process for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See P.L. 115-391, 132 Stat. 5194 at 603 (Dec. 21, 2018). Section 603 of the First Step Act changed the process by which § 3582(c)(1)(A) compassionate release occurs: instead of depending upon the BOP Director to determine an extraordinary circumstance and then move for release, a court can now resentence "upon motion of defendant," if the defendant has fully exhausted all administrative remedies "or the lapse of 30-days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the defendant who has exhausted files a motion, a court may, after considering the 18 U.S.C. § 3553(a) factors, resentence a defendant, if the court finds that "extraordinary and compelling reasons" warrant a reduction. Id. Any reduction of sentence that a court orders must also be "consistent with applicable policy statement issued by the Sentencing Commission." Id. The effect of these new changes is to allow Federal Judges the ability to move on a prisoner's compassionate release application even in the face of BOP opposition or its failure to respond to a prisoner's compassionate release in a timely manner. Congress made these changes in an effort to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). Congress

3.

labeled these changes "increasing the use and transparency of compassionate release." See 164 Cong. Rec. H10346, H10358 (2018)(emphasis added).

The U.S. Sentencing Commission defined four examples for consideration: (1) Medical, (2) due to age, (3) due to family circumstances, and (4) one "catch-all" provision that "there exists in the defendant's case an extraordinary and compelling reason other than, or in conjunction with the reasons described in subdivisions (A) through (C) of U.S.S.G. § 1B1.13.

## IV. APPLICABILITY OF THE FIRST STEP ACT

A. Extraordinary and Compelling Reasons.

Defendant is not moving the court for compassionate release due to any medical reason, age, or family circumstance. Defendant is directing the court to an extraordinary and compelling reason other than the above listed factors, as authorized by the First Step Act and Congress' intent. The First Step Act not only reduced mandatory minimum penalties, but also clarified the classification of offenses and conditions under which they apply. Under the Act, a defendant's prior convictions must meet the new definitions of "serious drug felony" or "serious violent felony." In order to meet the new criteria, a defendant must have:

4.

(1) served a term of imprisonment of more that 12 months on the prior offense, and,

(2) must have been released within 15 years of the current federal offense;

(3) In addition, any "serious drug felony" based on 18 U.S.C. § 3559(c)(2), must have been punishable by a term of imprisonment of ten years or more.

In this case, the Government had moved to enhance defendant's sentence pursuant to 21 U.S.C. § 851, because his prior conviction was classified as a "felony drug offense" pursuant to 802 "sentencing classification of the offense," and thus, defendant received a statutory enhanced sentence that resulted in Life imprisonment. Since it was Congress' intent to have only "serious drug felonies" classified as qualifying for statutory enhanced penalties, defendant submits the court has the authority to exercise discretion under the First Step Act as to his current sentence of life imprisonment, which was statutorily enhanced in opposite of congressional intent, is an extraordinary and compelling reason to grant compassionate release.

The most relevant facts here is the First Step Act of 2018 and Congress clarifying the definition of a "serious drug felony." Based on this clarification, the legal and factual basis for the enhanced sentence under 21 U.S.C. § 851 to which Mr. Reed was sentenced is no longer sufficient. The "felony

5.

drug offense" that forms the basis of Mr. Reed's sentence enhancement does not qualify as a serious drug offense under Congress' classification in the First Step Act. The court recognizes as a factor in this combination the fundamental change to sentencing policy carried out in the First Step Act's elimination of life imprisonment as a mandatory sentence soley by reason of a defendant's prior conviction, 401(A)(2), 132 Stat. at 5220 (codified at 21 U.S.C. § 841(b)(1)(A)).

In light of these subsequent changes to Federal Sentencing, Mr. Reed like many others, now find himself in a state of sentencing purgatory; that is, he now has a sentence which Congress and the U.S. Sentencing Commission finds should not result in a life sentence. This creates a sentencing disparity among defendants with like criminal conduct facing sentencing today in the opposite of congressional intent.

The Senate Judiciary Committee believes that there may be cases in which an eventual reduction in the length of a term of imprisonment is justified by change of circumstances. These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines and the statutory penalty have been later amended to provide a shorter term of imprisonment. In United States v. Maumau, No. 08 Cr.-00758, 2020 WL 806121, at *7 (D. Utah, Feb. 18, 2020), the court concluded that drastic reduction in § 924(c) sentences with its elimination of stacking did provide an extraordinary and compelling reason which, in combination with other circumstances in the case-- warranted a modification of defendant's sentences.

Similarly in United States v. Urkevich, No. 03-CR-27, 2019 WL 6037391 (D. Neb. Nov. 14, 2019), the court granted a defendant's motion on similar grounds, noting "specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." See also, United States v. Brown, 411 F. Supp. 3d. 446, 453 (S.D. Iowa, 2019). "District courts assessing a compassionate release motion may still consider the resulting sentencing disparity caused by the First Step Act in § 924(c) cases."

Consistent with numerous other courts to have confronted similar situations since the First Step Act, this decision to grant Mr. Reed compassionate release, turns on the enormous sentencing disparity created by subsequent changes to federal sentencing law which constitutes an "extraordinary and compelling reason" for compassionate release. In assessing whether Mr. Reed has presented extraordinary and compelling reasons, the court should initially and centrally consider the sentence he receives relative to the sentence he would now receive for the same offense; whether and to what extent there is a disparity between the two sentences, and why that disparity exists. In that regard, the sentence Mr. Reed received was in large part attributable to then available prosecutorial practice of using simple drug felonies in place of "serious drug felonies" when charging 21 U.S.C. § 851.

In fact, the FSA's Amendments to the compassionate release process were explicitly aimed at empowering courts to do just that--namely, to conduct an individualized assessment

7.

of a defendant's case and approve a sentence reduction when warranted. The Act's broader purpose is likewise consistent with allowing courts to consider such gross sentencing disparities, rather than forcing judges not to address subsequent changes to sentencing policy. That disparity is primarily the result of Congress' conclusion that sentences like Mr. Reed's are unfair and unnecessary, in effect, a legislative rejection of the need to impose sentences under 21 U.S.C. § 851, as originally created. In addition, it is a legislative declaration of what level of punishment is adequate. These, the court should find as extraordinary and compelling developments that constitute "extraordinary and compelling reasons" that warrant a reduction to Mr. Reed's sentence of incarceration.

B. Remedy Available Under the First Step Act.

This Honorable Court may exercise its discretion under the First Step Act of 2018, as Mr. Reed has illuminated an extraordinary and compelling reason that warrants relief.

This court should first order a new PSR, then resentence Mr. Reed, and issue a downward variance because the statutory mandatory enhancement that caused the sentence of life imprisonment is unnecessary to meet the objective of sentencing. Mr. Reed respectfully submits that a guidelines sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and to protect the public from further

crimes by Mr. Reed. See 18 U.S.C. § 3553(a)(2).

In terms of the kinds of sentences available and the guidelines range, Mr. Reed has now served over the 10-year statutory mandatory minimum. Wherefore, as other courts have varied downward from guidelines sentences or reduced sentences to time served in the First Step Act context, a sentence of time-served would avoid unwarranted disparities between other defendants. Id. § 3553(a)(3)-(6); see United States v. Biggs, Case No. 05-CR-316, 2019 U.S. Dist. LEXIS 81509, 2019 WL 2120226, at *3-4 (N.D. Ill. May 15, 2019); United States v. Jesus Antonio Mondasca Sr., 2020 U.S. Dist. LEXIS 37488, No. 89-CR-0655 DMS (D. Cal. March 3, 2020); United States v. Quinn, 91 Cr.-0060 DLJ (RS), 2020 WL 3275736 (N.D. Cal. June 17, 2020); United States v. Decator, No. 95-CR-0202, 2020 WL 1676219, at *4 (D. Md, April 6, 2020), and United States v. Redd, No. 97-CR-00006, 2020 WL 1248493, at *9 (E.D Va. Mar. 16, 2020).

Given the reasoning of federal district courts around the country exercising discretion in the First Step Act context, Mr. Reed has submitted an extraordinary and compelling reason for the court to exercise its discretion in the First Step Act context. If the defendant were charged today, he would not receive an 851 enhancement because he would no longer qualify. Considering the 18 U.S.C. § 3553(a) factors, which includes defendant's post-conviction rehabilitation conduct, a downward variance is warranted. See 18 U.S.C. § 3553(a); Pepper v. United States, 562 U.S. 476, 481 (2011); Simons, 375 F. Supp.

3d. at 388-89 (reducing sentence to time served considering § 3553(a) factors and post-sentence conduct under Pepper); Mitchell, 2019 U.S. Dist. LEXIS 107396, 2019 WL 2647571, at *7-8 (citing cases and reaching same conclusion).

## V. CONCLUSION

WHEREFORE, Rodrick Cardale Reed, Defendant pro se, hereby pray and respectfully moves this Honorable Court to first order a new PSR, then to hold an evidentiary hearing to determine the facts, and whether the court has the authority in the First Step Act context to exercise its discretion and grant this instant motion for compassionate release based upon extraordinary and compelling reasons cited herein.

Dated this _10_ day of _February_, 2021.

Respectfully submitted,

By: _Rodrick Reed_

Rodrick Reed

Reg. No. 03846-112

U.S.P. Atwater

P.O. Box 019001

Atwater, CA 95301

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: REED, C. Rodrick         03846-112       4-A      ATW
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.        UNIT    INSTITUTION

**Part A- INMATE REQUEST** I would like to be considered for Compassionate Release pursuant to the First Step Act of 2018 under 18 U.S.C. 3582(c)(1)(A). Because my prior conviction use to enhance my sentence under 21 U.S.C. 851 does not qualify as a serious drug felony, in violation of 18 U.S.C. 3559. Upon release home address will be 5583 Cerritos Ave. Long Beach CA. 90805. My work address will be MCW High Performance 1205 North Long Beach Blvd. Compton CA. 90221

9, 10, 20
DATE                                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 1048119-F1

                                                    CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT     INSTITUTION

SUBJECT: _____

_____                                 _____
     DATE                                         RECIPIENT'S SIGNATURE (STAFF MEMBER)
FPI-PEPH

Administrative Remedy Number: 1048119-F1

---

### Part B - Response

This is in response to your Request for Administrative Remedy, received in this office on September 21, 2020, wherein you request to make a motion for a Sentence Reduction in light of the First Step Act on the grounds that your prior conviction was used to enhance your sentence.

As your request for Compassionate Release is based principally on your belief that you were sentenced excessively for your crime(s), you should consult with an attorney. Any request to shorten your sentence will need to be addressed through other judicial appeals.

The Bureau of Prisons (BOP) did review your request for a Reduction in Sentence based on the Section 7 Factors enumerated in Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g). The nature and circumstances of your offense include Conspiracy to Manufacture, to Aid and Abet the Manufacture of and To Possess with Intent to Distribute PCP and Conspiracy to Possess Silencers. You have a prior conviction for Possession of Cocaine for Sale. Your institutional adjustment is considered good. You have a disciplinary report. A review of your personal history in your Presentence Investigative Report, revealed you are not married and have three children. You were committed to the custody of the BOP on October 29, 2003. You have served 17 years. You are currently 51 years old and you were approximately 24 years old at the time you committed these offenses. You state you will reside at 5583 Cerritos Avenue in Long Beach, California. You have a Low risk of recidivism under the First Step Act Pattern Score. You have been sentenced to Life, releasing you prior would greatly minimize the severity of the offense.

The Bureau of Prisons has considered the above factors and determined your release would pose a danger to the safety of others or the community.

Based on the aforementioned information, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton, CA 95219. You have twenty (20) calendar days from the date of this response to affect your appeal.

_____        _10-6-2020_____
A. Ciolli, Warden                      Date



Honorable Virginia A. Phillips
United States District Court
3470 Twelfth Street
Riverside CA. 92501

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 16 2021
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Rodrick R
United States Penitentiary
P.O. Box 019001
Atwater CA. 95301

**UNITED STATES PENITENTIARY, ATWATER**
P.O. BOX 019001 **FEB 1 0 2021**
ATWATER, CA 95301 DATE: _____

**The enclosed** letter was processed through special mailing procedures for forwarding to you. **The letter** has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.