UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCR 03-00084-VAP-1 | Date | July 16, 2021 |
| Title | United States of America v. Rodrick Cardale Reed | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None    None

**Proceedings:**   **MINUTE ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [1841] (IN CHAMBERS)**

      Pending before the Court is Defendant Rodrick Cardale Reed's ("Defendant") "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)" (hereinafter "Motion"), filed on May 21, 2021.  (See Dkt. No. 1841.)  Having considered the papers filed in support of, and in opposition to, the Motion, the Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15 and DENIES the Motion for the following reasons.

**I.**    **Background**
      On July 28, 2005, after a ten-day trial, a jury convicted Defendant of the following counts charged in the First Superseding Indictment: Count One, conspiracy to manufacture and distribute 100 grams or more of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count Two, aiding and abetting the distribution of 100 grams or more of PCP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; Count Three, aiding and abetting the distribution of 100 grams or more of PCP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; and Count Nine, conspiracy to possess unregistered firearm silencers, in violation of 18 U.S.C. § 371, and 26 U.S.C. § 5861.  The jury also found by special interrogatory that Defendant conspired to produce 175 kilograms of a mixture or substance containing PCP.

      On January 17, 2006, the Court sentenced Defendant to life imprisonment on each of Counts One, Two, and Three, and a consecutive sixty-month term of imprisonment on Count

Nine.  Defendant appealed his conviction to the Ninth Circuit Court of Appeals, which affirmed the conviction.  United States v. Reed, 575 F.3d 900 (9th Cir. 2009).

Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on January 21, 2011.  The Court denied the motion on March 15, 2012.  Defendant appealed, but the Ninth Circuit denied Defendant a certificate of appealability on May 13, 2013.

Defendant originally filed a pro se motion for compassionate release on February 16, 2021.  The Court ordered the Government to file a response to the motion by March 15, 2021 and Defendant to file a reply by March 29, 2021.  On March 25, 2021, the Court appointed Defendant counsel pursuant to General Order 19-11.

The parties filed a stipulation to continue the briefing schedule for the motion, which the Court granted on April 8, 2021.  The Court ordered the supplemental motion to be filed by May 21, 2021, the Government's response to be filed by June 22, 2021, and the reply to be filed by July 6, 2021.

Defendant filed the instant Motion on April 22, 2021 and withdrew the February 16, 2021 motion on May 27, 2021.  In support of the Motion, Defendant filed the Declaration of Ian Wallach ("Wallach Decl."), attaching Exhibits A through S, and the Declaration of Kathleen Caulfield ("Caufield Decl."), attaching Exhibits A through E.

The Government filed Opposition to the Motion on June 22, 2021.

Defendant filed a Reply to the Opposition on July 6, 2021.  In support of the Reply, Defendant filed the Declaration of Ian Wallach ("Supp. Wallach Decl."), attaching Exhibits A through D.

Defendant is housed currently at United States Penitentiary Atwater ("USP Atwater") in Atwater, California.  Defendant has been in custody for this case since October 29, 2003.

**II.    Legal Standard**

Defendant moves for relief pursuant to 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.  This statute was amended by the First Step Act, which went into effect on December 21, 2018.  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release, which rarely occurred.  Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to "increase[] the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted).  That section now provides a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ."  18 U.S.C. § 3582(c)(1)(A).

As amended, 18 U.S.C. § 3582(c)(1)(A)(i) permits a sentencing court to grant a motion for compassionate release filed by a defendant where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  Congress did not provide a definition of the term "extraordinary and compelling reasons;" instead, Congress deferred to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  Congress also made clear "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  Id.

Issued in 2006 and last amended on November 1, 2018, the Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" in the following circumstances:

> (A) Medical Condition of the Defendant. –
>     (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>     (ii) The defendant is –
>         (I) suffering from a serious physical or medical condition,
>         (II) suffering from a serious functional or cognitive impairment, or
>         (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1; see also 28 U.S.C. § 994 (authorizing the U.S. Sentencing Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).  Section 1B1.13 also directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable . . . ."  Finally, the policy

statement requires a finding that "the defendant is not a danger to the safety of any other person or the community provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

The Sentencing Commission's policy statement has not been amended since the effective date of the First Step Act to refer to § 3852(c)(1)(A) motions filed by defendants. Recently, the Ninth Circuit considered whether the policy statement set forth at U.S.S.G. § 1B1.13 applies to motions for compassionate release filed by defendants and concluded it does not. See United States v. Aruda, 993 F.3d 797 (9th Cir. 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Aruda, 993 F.3d at 802.

Here, while the Ninth Circuit has made clear U.S.S.G. § 1B1.13 is not binding, Aruda, 993 F.3d at 802, the Court considers it as useful guidance on how to evaluate what constitutes an "extraordinary and compelling reason" that would warrant compassionate release pursuant to 18 U.S.C. § 3582(c)(1). As stated supra, Congress failed to define the term and left the definition to the Sentencing Commission. The Sentencing Commission has not provided such a definition since the First Step Act was enacted, but it has defined the term in a similar context, albeit for motions brought by the Bureau of Prisons and not by defendants directly. For these reasons, the Court applies U.S.S.G. § 1B1.13 to determine whether Defendant meets his burden on the instant Motion. In addition, separately and untethered to the guidance set forth in U.S.S.G. § 1B1.13, the Court also considers whether Defendant has demonstrated extraordinary and compelling reasons to justify the relief he seeks.

### III.   Discussion

Defendant moves the Court to reduce his life sentence to 300 months. He contends extraordinary and compelling reasons warrant this reduction, including that his rehabilitation; , lack of disciplinary history' infection with COVID-19 while in BOP custody and lingering "debilitating effects;" strong community support; and arrangements for employment and housing upon his release. He also argues his "unusually long sentence" is an extraordinary and compelling reason necessitating his compassionate release. According to Defendant, the 18 U.S.C. § 3553(a) factors ("3553(a) factors") establish a 300-month sentence is sufficient.

In Opposition, the Government argues Defendant fails to establish extraordinary and compelling reasons for his requested sentence reduction. The Government contends Defendant's rehabilitation while in BOP custody and his lack of disciplinary violations are notable but do not qualify as sufficient reasons warranting a sentence reduction. With respect to the 3553(a) factors, the Government points to Defendant's underlying crime and criminal history to argue Defendant's life sentence remains necessary, as Defendant continues to present a danger to the community. According to the Government, Defendant's Motion is not well-taken, as it is seeking a remedy akin to parole, which is not available to him.

Preliminarily, it is undisputed Defendant has exhausted his administrative remedies, as he submitted his request for compassionate release to the warden at USP Atwater on September 10, 2020 and the warden denied the request on October 6, 2020.

      The Court now turns to the merits of the Motion and whether Defendant has shown extraordinary and compelling reasons sufficient to warrant the modification of his sentence here. As stated supra, the Court follows the guidance of U.S.S.G. § 1B1.13, although it is not binding on the Court. See Aruda, 993 F.3d at 802.

      Defendant does not argue that he qualifies for compassionate release under any of the grounds set forth in U.S.S.G. § 1B1.13. Even if he had tried, based on the record before the Court, Defendant could not meet any of those criteria, as he does not suffer from any qualifying medical condition, he is not of advanced age (he is 52 years old presently), nor does he have a qualifying family circumstance. Accordingly, Defendant has not met his burden to establish he meets any of the categories set forth in U.S.S.G. § 1B1.13 to demonstrate extraordinary and compelling reasons exist to grant his request for compassionate release.

      Outside the framework of the Sentencing Commission's policy statement, the Court also has considered each basis for the instant Motion singly and in combination and concludes Defendant has not demonstrated extraordinary and compelling reasons to justify the relief he requests.

      The Court commends Defendant's rehabilitation while in BOP custody and his dedication to his education, assisting and mentoring other inmates, and remaining an active family and community member. Defendant's rehabilitation, however, is not sufficient to demonstrate an extraordinary and compelling reason for the relief he seeks. See 28 U.S.C. § 944(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); see also United States v. Parker, 461 F. Supp. 3d 966, 982 (C.D. Cal. 2020) (concluding post-sentencing rehabilitation was relevant to the "history and characteristics of the defendant" 3553(a) factor, not to the extraordinary and compelling reasons analysis); United States v. Cruz-Cruz, No. CR 13-49 RSL, 2021 WL 1968389, at *5 (W.D. Wash. May 17, 2021) ("Although the Court commends defendant on taking these strides and does not intend to minimize defendant's progress, the rehabilitation itself does not establish extraordinary and compelling circumstances.").

      Next, Defendant's contraction of the COVID-19 virus is not an extraordinary or compelling reason. When the Court sentenced Defendant in 2006, it did not contemplate that sentence would come with a risk of Defendant contracting a serious and, in some cases, lethal virus due at least in part to his conditions of confinement. The COVID-19 pandemic, however, does not only prey on the incarcerated but has affected the entire world population and caused the deaths of over six hundred thousand people in the United States alone, to date. Further, Defendant is one of over forty-three thousand federal inmates who have contracted and recovered from COVID-19, according to the BOP website. Thus, at a minimum, his contraction of the virus and subsequent recovery, regrettably, is not extraordinary.

      Moreover, Defendant has not shown the COVID-19 symptoms he experienced were severe. He described to his counsel that it was difficult for him to breathe for an undisclosed amount of time and he lost his sense of smell while also feeling like he was smelling cigarette smoke. (Caufield Decl. ¶ 2(i).) He tested positive for COVID-19 on December 21, 2020 and recovered by January 2021. (Id. ¶ 2(k), 3.) He continues to suffer from a loss of smell while

also smelling cigarette smoke constantly, and is winded when he exercises.  (Id. ¶ 3.)  The BOP has provided Defendant a nasal spray to treat his breathing condition.  (Id.)  Defendant did not require hospitalization.  Given this record, it appears Defendant likely received appropriate medical care from the BOP commensurate with the symptoms he experienced.  The symptoms he continues to experience are not severe or life-threatening.  Further, he has since been vaccinated with the Pfizer vaccine.  (Id. ¶ 4.)

The Court does not consider Defendant's life sentence to be an extraordinary and compelling reason to warrant a reduction of his sentence.  Defendant was the lead defendant and convicted by a jury of orchestrating a widespread drug conspiracy to manufacture and distribute PCP and he was convicted of possessing dangerous weapons.  See United States v. Reed, 575 F.3d 900, 905-06 (9th Cir. 2009).  While the life sentence imposed on Defendant was severe, given the seriousness of the underlying crimes for which Defendant was convicted, however, as considered and discussed at length at Defendant's sentencing hearing, the sentence imposed was necessary and warranted.

Finally, the Court does not find the more restrictive conditions of his confinement to which he is subjected as a result of the ongoing COVID-19 pandemic, such as the reduction of visitations and the limitation of educational course offerings and time inmates can spend outside their cells, to rise to the level of extraordinary and compelling reasons.  Nearly every federal inmate has been and continues to be subjected to similar restrictions.

The Court does not address the parties' remaining arguments about whether Defendant continues to pose a threat to the safety of the community or any other person or consider the 18 U.S.C. § 3553(a) factors because Defendant has not met his burden to establish extraordinary and compelling reasons exist to grant his request for compassionate release.

The Court recognizes the extent of Defendant's rehabilitation while serving his life sentence.  Compassionate release, however, is a remedy reserved for exceedingly rare cases and, despite Defendant's arguments, this is not one of them.

## IV.     Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion for Compassionate Release.

**IT IS SO ORDERED.**